UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLENN WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. _____ ) |
| CENTRAL TRANSPORT INTERNATIONAL, INC., and BILL KINCAID, | ) Removed from the Circuit Court of St. ) Louis, Missouri, Case No: 1322-CC10027 ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL OF CIVIL ACTION

Comes now the Defendant, Central Transport International, Inc.[1] ("Central Transport"), by and through its attorneys, Armstrong Teasdale LLP, and for its Notice of Removal of Civil Action pursuant to 28 U.S.C. §§1332, 1441, and 1446, states as follows:

### I.    Background and Parties

1.    On November 27, 2013, Plaintiff filed a civil action against Central Transport and an individual, Bill Kincaid, in the Circuit Court of the City of St. Louis, Missouri, styled *Glenn Williams, on behalf of himself and all others similarly situated, v. Central Transport Int'l, Inc. and Bill Kincaid*, Case Number 1322-CC10027, seeking overtime pay, liquidated damages, and attorneys' fees and costs under the Missouri Minimum Wage Law ("MMWL") on behalf of himself and a class of allegedly similarly situated Missouri-based employees classified as "dock workers, spotters, or local drivers," and alleging that both Central Transport and Bill Kincaid were liable as "employers" under that Act.  Plaintiff also brought common law claims against both Defendants seeking damages for breach of contract and unjust enrichment for a five (5) year

---

[1] Central Transport International, Inc. is not the Plaintiff's employer.  Plaintiff is employed by Central Transport LLC.

1

period preceding the filing of the Petition, and for injunctive relief enjoining Defendants "from engaging in its policy and practice of violating Missouri Wage and Hour laws with respect to the Class…" A true and correct copy of the Plaintiff's Petition is attached as **Exhibit A**.

2. Prior to the filing of his Missouri state court Petition, Plaintiff had filed a civil action on October 9, 2013, against Central Transport in the United States District Court for the Eastern District of Missouri, Eastern Division, styled *Glenn Williams, on behalf of himself and all others similarly situated, v. Central Transport Int'l, Inc.*, Case Number 4:13-CV-02009-CEJ, seeking overtime pay, liquidated damages, and attorneys' fees and costs under the Fair Labor Standards Act ("FLSA") on behalf of himself and a class of allegedly similarly situated "spotters," and alleging that Central Transport was liable as an "employer" under that Act. A true and correct copy of the Plaintiff's Complaint is attached as **Exhibit B**.

3. Even though the term "employer" under the MMWL and the FLSA are identically defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee" (*see* Mo. Rev. Stat. § 290.500(4) and 29 U.S.C. § 203(d)), and the Plaintiff's federal and state lawsuits each sought overtime pay, liquidated damages, and attorneys' fees and costs, and Plaintiff was represented by the same counsel in each case, Plaintiff only sued Defendant Kincaid and alleged that he was an "employer" in the state court action, but not in the federal court action.

4. On January 30, 2014, Defendant Kincaid filed a Motion to Dismiss the claims asserted against him in Plaintiff's state court Petition, which the Circuit Judge granted on May 18, 2014, dismissing Defendant Kincaid as a party Defendant from Plaintiff's state court action. In his Order dismissing Defendant Kincaid, the Circuit Judge observed that "Plaintiff has not pleaded any facts, nor cited any law, to support this aspect of his Petition. Contrary to what

Plaintiff attempts to argue, there is nothing he has pled which would support that Mr. Kincaid qualifies as an 'employer' under MMWL as defined by §290.500(4) RSMo." A true and correct copy of the Circuit Court's Memorandum and Order is attached as **Exhibit C**.

5. Plaintiff is a citizen and resident of Missouri. **Exhibit A**, ¶1.

6. Defendant Central Transport is a Michigan Corporation (**Exhibit A**, ¶2) with its principal place of business in Michigan, and is a citizen of Michigan.

7. Defendant Kincaid is a resident and citizen of Missouri, however, Kincaid's citizenship must be disregarded because there exists no reasonable basis in fact and law supporting a claim against him, and he was fraudulently joined as a defendant in Plaintiff's state court civil action solely in an attempt to defeat federal diversity jurisdiction.

## II. Basis for Removal

8. Plaintiff alleged in his Petition that Defendant Kincaid, who became manager at Central Transport's St. Louis, Missouri terminal approximately eight (8) months after Plaintiff began working at Central Transport, was an "employer" of the Plaintiff and of all other putative class members working at all other terminals throughout Missouri who was individually liable for alleged violations of the MMWL along with Central Transport. **Exhibit A**, ¶4.

9. In dismissing Plaintiff's claim against Defendant Kincaid, the Circuit Judge specifically found that there were no facts or law to support Plaintiff's claims against Kincaid. **Exhibit C**, pp. 10-11.

10. Therefore, there exists no reasonable basis in fact and law supporting a claim against Defendant Kincaid under Missouri law.

11. Accordingly, Kincaid, the only non-diverse defendant, was fraudulently and improperly joined, and complete diversity now exists.

3

### III. Amount in Controversy

12. The amount in controversy with respect to Plaintiff's claims exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff not only seeks unpaid overtime wages for all hours worked between 40 and 55 in a workweek and "other compensatory damages" (**Exhibit A**, ¶¶17-18, 43-58), but also "an additional amount as liquidated damages" (*id.* ¶56), and "pre-judgment and post-judgment interest." (*Id.* ¶58).

13. Plaintiff also seeks "the costs and reasonable attorneys' fees incurred in litigating this action" pursuant to the fee shifting statute set forth in Mo. Rev. State. §290.527. (*Id.* ¶57). The attorneys' fees and costs which will be incurred and sought by Plaintiff in this action will exceed the sum of $75,000.00.

14. Plaintiff seeks additional damages for Central Transport's alleged failure to pay for all hours worked based on common law breach of contract and unjust enrichment theories consisting of "compensatory damages, liquidated damages, attorney's fees and costs as allowed, pre-judgment and post-judgment interest as provided by law" (*id.* ¶¶64, 72), for "five (5) years preceding the filing of this Complaint, plus periods of equitable tolling." (*Id.* ¶70).

15. Moreover, Plaintiff seeks "preliminary injunction and permanent injunctive relief restraining Defendants from illegally compensating its employees as above stated." (*Id.* ¶85). The Plaintiff alleges that Central Transport's compensation policy is to pay overtime at a rate of one-and one-half times their regular rate of pay for hours worked in excess of fifty-five (55) hours or more during a single workweek, but not for hours worked between forty (40) and fifty-five (55) hours in a workweek. (*Id.* ¶18). Although Central Transport contends that Plaintiff and the putative class of employees he seeks to represent are exempt under the Motor Carrier Act

4

exemption from overtime pay, if Plaintiff prevailed on his request for injunctive relief, the cost of compliance to Central Transport would greatly exceed $75,000.00.

### IV.     Conclusion

16.     Pursuant to 28 U.S.C. §1446(a), copies of the Summons and Petition and all other process, pleadings or orders served upon Defendant in the action pending in the Circuit Court of the City of St. Louis, Missouri are attached as **Collective Exhibit D**.

17.     Pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, Kevin J. Dolley, 34 N. Brentwood Blvd., Suite 207, St. Louis Missouri, 63105; a copy of this Notice of Removal also will be filed with the Clerk of the Circuit Court of St. Louis, Missouri.

18.     The Circuit Court of St. Louis, Missouri, is located within the Eastern District of Missouri, Eastern Division.  Therefore, removal to the Eastern District of Missouri, Eastern Division is proper.

WHEREFORE, Defendant Central Transport gives notice that the above action initiated in the Circuit Court of St. Louis, Missouri, is hereby removed the United States District Court for the Eastern District of Missouri, Eastern Division.

       Respectfully submitted,


By: */s/ Sheena R. Hamilton*_____
   Sheena R. Hamilton   #62921MO
   ARMSTRONG TEASDALE LLP
   7700 Forsyth Blvd., Suite 1800
   St. Louis, Missouri 63105
   314.621.5070
   314.621.5065 (facsimile)
   shamilton@armstrongteasdale.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

This is to certify that on May 29, 2014, a true and accurate copy of the above and foregoing was e-filed with the Court using the CM/ECF system which sent notification to all parties entitled to service.

A true and correct copy of the foregoing document was also served on the same date via mail to:

    Kevin J. Dolley, Esq.
    34 N. Brentwood Boulevard
    Suite 207
    St. Louis, MO  63105
    kevin@dolleylaw.com

    ATTORNEY FOR PLAINTIFF

    /s/  Sheena Hamilton
    Attorney for Defendant