Electronically Filed - City of St. Louis - November 27, 2013 - 04:22 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| GLENN WILLIAMS, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL TRANSPORT INT'L, INC., <br><br> Serve At: <br> Registered Agent <br> National Corporate Research, Ltd. <br> 712 Abbott Road <br> East Lansing, MI 48823 <br><br> BILL KINCAID, <br><br> Serve At: <br> 540 Gimblin Road <br> St. Louis, MO 63147 <br><br> Defendants. | Case No. _____ <br><br> **JURY TRIAL DEMANDED ON ALL COUNTS TRIABLE BY JURY** |

### PETITION

COMES NOW Plaintiff Glenn Williams (hereinafter "Plaintiff"), by and through undersigned counsel, on behalf of himself and all others similarly situated, and for his Petition directed against Defendants Central Transport International, Inc. and Bill Kincaid (collectively referred to as Defendants), states as follows:

1. Plaintiff and Class Representative Glenn Williams is an adult citizen who currently resides in St. Louis, Missouri. During all times relevant herein, Plaintiff was a resident of St. Louis County, Missouri. Williams was employed by Defendants from October 2012 until September 2013.

2. Defendant Central Transport International, Inc. (hereinafter "Defendant

1

**EXHIBIT A**

Corporation") is a Michigan corporation with locations nationwide, including a "super hub" location in St. Louis, Missouri. Its business is to provide transportation and logistics services to 98 percent of the major manufacturing areas in North America.

3. Defendant Central Transport is or was the employer of Plaintiff and members of the putative class and was responsible for determining wage rates, including overtime pay throughout the employment of Plaintiff and those similarly situated. MO. REV. STAT. § 290.500(4).

4. Defendant Bill Kincaid (hereinafter "Defendant Kincaid") is the St. Louis Terminal Manager for Defendant Central Transport. Defendant Kincaid is or was an "employer" of Plaintiff and all similarly situated individuals within the meaning of MO. REV. STAT. § 290.500(4).

5. Defendants are joint employers, directly or indirectly, of Plaintiff and those similarly situated under the Missouri Minimum Wage law ("MMWL") and Missouri common law. Defendants are the joint employers of Plaintiff and the Class members, who share Defendants as their common employers.

6. Venue is proper in this Court. Central Transport conducts substantial business in this venue and at least one Defendant is a resident of the City of St. Louis.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

7. Defendants employed Plaintiff and those employees similarly situated to Plaintiff, and were responsible for setting compensation and overtime rates.

8. At all times material to this action, Defendants are and/or have been the "employers" of Plaintiff and those similarly situated within the meaning of MO. REV. STAT. § 290.500(4).

9. At all times material to this action, Plaintiff and those employees similarly situated to Plaintiff are and/or have been "employees" of Defendants as defined by MO. REV. STAT. § 290.500(3).

10. At all times material to this action, Defendants have been subject to the pay requirements of Missouri Wage and Hour Law ("MMWL").

11. Missouri's wage and hour laws exempt certain categories of employees from its coverage, none of which apply to Plaintiff or those similarly situated. MO. REV. STAT § 290.500(3).

12. Plaintiff Williams began employment with Defendants at their St. Louis, Missouri location in October 2012. Defendants employed Plaintiff as a spotter, which consisted of performing dock work and moving trailers around Defendants' yard to prepare them for drivers to haul.

13. Plaintiff was compensated as an hourly employee throughout his employment with Defendants.

14. During Plaintiff's employment with Defendants, his job duties included, but were not limited to:

   a. Loading and unloading trailers parked at the loading dock;

   b. Moving palates of goods around the loading dock using a forklift;

   c. Moving empty trailers from the unloading side of the dock to the loading side of the dock using a specialized vehicle not legal for use on public highways;

   d. Moving loaded trailers within Defendants' fenced yard using the same specialized vehicle used to move trailers around the loading dock;

15. The spotter truck was only used within the fenced and gated confines of Defendants' yard, and not on public roadways.

Electronically Filed - City of St. Louis - November 27, 2013 - 04:22 PM

16. Defendants established all policies and procedures related to employee pay, timekeeping, and wage and hour policies.

17. Class I consists of all non-exempt employees of Defendant entitled to overtime pay at a rate of one-and-one-half times the regular rate of pay for all hours worked in excess of forty (40) per workweek.

18. Williams and all those similarly situated in Class I were subject to Defendants' uniform overtime policy, under which employees were only compensated overtime at a rate of one-and-one-half times their regular rate of pay for hours worked in excess of fifty-five (55) hours or more during a single workweek. Plaintiff and putative class members did not receive overtime at a premium rate of one-and-one-half times their regular rate of pay for working between forty (40) and fifty-five (55) hours in a workweek.

19. Class II consists of all employees who recorded time through an electronic scanner and whose time was not properly recorded.

20. Further, Plaintiff and those similarly situated in Class II recorded their time electronically through handheld scanners while performing dock work.

21. Plaintiff and those similarly situated would initially log in to the scanner and begin recording their time for the day when the first palate or item was scanned.

22. Once time was recorded via the scanner, Plaintiff and those similarly situated would be automatically logged out of the timekeeping system after fifteen (15) minutes if another item or palate had not been scanned.

23. During their work shifts, Plaintiff and those similarly situated worked in excess of fifteen (15) minutes without scanning another item or palate while carrying out their principal

Electronically Filed - City of St. Louis - November 27, 2013 - 04:22 PM

work activities and job duties. Plaintiff and those similarly situated would routinely be logged out of Defendants' timekeeping system without any warning, causing time worked to not be recorded.

24. As a result of its system-wide timekeeping policies, Defendants failed to properly record all hours worked by Plaintiff and those similarly situated.

25. Employees subject to Defendants' uniform pay practices and timekeeping policies performed the same or similar job duties and include employees with job titles such as dock worker, spotter, or local driver.

26. Williams and all members of the putative class were regularly subject to the control of Defendants, which regulated the terms and conditions of employment, including work schedules, conditions of employment, and requests for changes to the terms and conditions of employment.

## CLASS ACTION ALLEGATIONS

27. Plaintiff and all proposed putative class members and Plaintiff are current or former employees of Defendants as defined by MO. REV. STAT. § 290.500(4). Plaintiff brings this action on behalf of himself and all other current and former dock workers, spotters, and local drivers working for Defendants in Missouri and proposes two subclasses.

28. Class I is comprised of dock workers and spotters employed by Defendants within the last two years. All members of Class I are non-exempt employees entitled to overtime compensation at one-and-one-half times their regular rate of pay for all hours worked in excess of forty per workweek. Defendants compensated members of Class I overtime at one-and-one-half times their regular rate of pay for all hours worked in excess of fifty-five (55) per workweek. These employees were paid their regular rate of pay for hours between forty (40) and fifty-five (55) per workweek.

29. Class II is comprised of all dock workers, spotters, and local drivers employed by Defendants within the last five years. Defendants recorded time for employees in Class II through handheld scanners. Members of Class II were not paid for all hours worked pursuant to their employment agreements with Defendants.

30. Plaintiff brings Count I of this lawsuit as a class action under Missouri Rule 52.08 and MO. REV. STAT. § 290.500 *et. seq.* on behalf of himself and putative members of Class I.

31. Plaintiff brings Counts II through IV of this lawsuit as a class action under Missouri Rule 52.08 and Missouri common law on behalf of putative members of Class II.

32. In Count I, Plaintiff, individually and on behalf of Class I, seeks relief for violations of MMWL, including Defendants' practice of failing to accurately record and pay overtime for all hours worked in excess of forty per workweek.

33. All of Plaintiff's claims satisfy the numerosity, commonality, typicality, and adequacy requirements of a class action pursuant to Rule 52.08.

34. Although the exact number of class members is not known at the date of filing, based upon information and belief there are in excess of forty (40) current and former employees in both Classes that are or were subjected to the pay and timekeeping policies and practices stated herein.

35. Common issues of fact and law predominate over any issues unique to individual class members.

36. Issues common to all members of Class I include, but are not limited to:
    a. Defendants' practice and policy of failing to accurately record all hours worked;
    b. Defendants' practice and policy of failing to pay overtime compensation for all hours worked in excess of forty (40) hours per work week.

6

37. Issues common to all members of Class I include, but are not limited to:

   a. Defendants' practice and policy of automatically logging employees off of its timekeeping system after fifteen (15) minutes without warning if an item had not been scanned;

   b. Defendants' practice and policy of failing to appropriately pay employees for all hours worked as required by the MMWL.

38. Plaintiff's claims in Count I are typical of those absent members of Class I because:

   a. Defendants owed the same duty to pay every Class member in accordance with the requirements of MWHL;

   b. Defendants failed to meet their duty to properly pay employees at a rate of one-and-one-half times the employee's regular rate of pay for all hours worked in excess of forty per workweek.

39. Plaintiff's claims in Counts II through IV are typical of those absent members of Class II because:

   a. Defendants owed the same duty to pay all Class members pursuant to the uniform policies of Defendants;

   b. Defendants failed to meet this obligation by failing to pay Class members for all time worked.

40. Plaintiff is an adequate representative of the absent class members and will protect such absent class members' interests in this litigation. Plaintiff has no interests antagonistic to the other class members nor does he have any unique claims or defenses that might undermine efficient resolution of the Class claims. Plaintiff has retained competent counsel, knowledgeable in wage

7

Electronically Filed - City of St. Louis - November 27, 2013 - 04:22 PM

and hour law, class and collective actions, FLSA, labor and employment law, and complex litigation.

41. Additionally, the Classes meet the requirements of Rule 52.08(b) as:

   a. Absent certification as a Class, there is a risk of inconsistent adjudication with respect to individual class members;

   b. Defendants, through their common policies and plans stated herein, have acted on grounds generally applicable to the Classes as a whole; and

   c. Common issues of fact and law predominate over any individual issues and a class action is the superior method for adjudicating these claims.

42. Based on the complexity of the above-stated matters, special and unusual circumstances exist and warrant the imposition of attorneys' fees.

## COUNT I
## VIOLATION OF MISSOURI'S WAGE AND HOUR LAWS

43. Plaintiff incorporates all preceding paragraphs by reference as if fully stated herein.

44. At all relevant times herein, Plaintiff and those similarly situated have been entitled to the rights, protections, and benefits provided under Missouri's wage and hour laws, MO. REV. STAT. § 290.500 *et seq*.

45. Defendants are or were "employers" within the meaning of MO. REV. STAT. § 290.500(4).

46. Plaintiff and the Class are or were "employees" of the Defendants within the meaning of MO. REV. STAT. § 290.500(3).

47. Defendants are required to pay overtime in accordance with MO. REV. STAT. § 290.505, which provides in pertinent part:

> **Overtime compensation [ . . . ]** No employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

48. Missouri's wage and hour laws exempt certain categories of employees from Missouri's overtime wage and other obligations, none of which apply to Plaintiff or members of Class I. MO. REV. STAT. § 290.500(3).

49. Defendants had knowledge that Plaintiff and those similarly situated were classified as non-exempt employees and such knowledge forms the basis for a willful violation of the MMWL.

50. Based upon Department of Labor opinions and decisions and Defendants' knowledge of Plaintiff and those similarly situated being non-exempt employees, the failure to pay Plaintiff and those similarly situated proper overtime pay constitutes a willful violation of the MMWL.

51. Plaintiff and members of the Class regularly worked over forty (40) hours per workweek without being compensated at a rate of at least one-and-one-half times their regular rate of pay as a result of Defendants' pay practices, as stated herein.

52. Defendants, pursuant to their uniform policies and practices, violated Missouri wage and hour laws by refusing and failing to pay Plaintiff and similarly situated employees Class overtime wages required under Missouri law. MO. REV. STAT. § 290.505.1.

53. There is no exemption under Missouri law that excuses Defendants from meeting its obligations to pay Plaintiff and Class I pursuant to MO. REV. STAT. § 290.505.

54. In the course of perpetrating these unlawful practices, Defendants failed to keep accurate records of the hours worked each day and each workweek by their employees as required under Missouri law. MO. REV. STAT. § 290.520.

55. Plaintiff and members of the Class are victims of a uniform and employer-based compensation policy. Defendants' uniform policy violates the MMWL and has been applied to all Class members.

56. Plaintiff and members of the Class are entitled to damages equal to all unpaid overtime wages due within two (2) years preceding the filing of this Petition, plus periods of equitable tolling along with an additional equal amount as liquidated damages. MO. REV. STAT. § 290.527.

57. Plaintiff and members of the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

58. Defendants are liable pursuant to MO. REV. STAT. § 290.527 for the costs and reasonable attorneys' fees incurred in litigating this action.

WHEREFORE, on Count I of this Petition, Plaintiff and the members of the Class demand judgment against Defendants and pray for: (1) certification of this case as a class action; (2) unpaid overtime compensation and other compensatory damages; (3) liquidated damages; (4) attorney's fees and costs as allowed by MO. REV. STAT. § 290.527; (5) pre-judgment and post-judgment interest as provided by law; and (6) such other relief as the Court deems fair and equitable.

## COUNT II
## BREACH OF CONTRACT

59. Plaintiff and those similarly situated employees incorporate all preceding paragraphs by reference, as if fully stated herein.

10

60. Defendants entered into an agreement with Plaintiff and those similarly situated in which Defendants agreed to fully compensate Plaintiff and those similarly situated for all hours worked.

61. Plaintiff and those similarly situated performed pursuant to the contract by carrying out their duties as instructed by Defendants and in accordance with Defendants' uniform policies and procedures.

62. Defendants breached the agreement through their practices by failing to compensate Plaintiff and those similarly situated for all time worked for Defendants.

63. This count does not apply to Defendants' failure to properly pay Plaintiff and those similarly situated at the premium rate for hours worked over forty per week and any claims available under Missouri Wage and Hour laws.

64. As a result of Defendants' breach of the agreement, Plaintiff and those similarly situated have suffered damages.

WHEREFORE, on Count II of this Petition, Plaintiff and the members of the Class demand judgment against Defendants and pray for: (1) certification of this case as a class action; (2) compensatory damages; (3) liquidated damages; (4) attorney's fees and costs as allowed; (5) pre-judgment and post-judgment interest as provided by law; and (6) such other relief as the Court deems fair and equitable.

## COUNT III
## UNJUST ENRICHMENT

65. Plaintiff incorporates all preceding paragraphs by reference as if fully stated herein.

66. Plaintiff and others similarly situated conferred benefits on Defendants by providing dock, spotter, and driver services in Defendants' facilities and Defendants received such benefits conferred by Plaintiff and those similarly situated.

Electronically Filed - City of St. Louis - November 27, 2013 - 04:22 PM

67. Defendants retained the benefits of the labor provided by Plaintiff and those similarly situated while failing to compensate them for that work.

68. Defendants accepted and retained the benefits in circumstances that render such retention inequitable, as Defendants failed to pay Plaintiff and those similarly situated for all hours worked.

69. Defendants have thereby been unjustly enriched and/or Plaintiff and others similarly situated have been damaged.

70. Plaintiff and all similarly situated employees are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint, plus periods of equitable tolling.

71. This count does not apply to Defendants' failure to properly pay Plaintiff and those similarly situated at a premium rate of time-and-a-half for hours worked in excess of forty (40) per week, and any claims available under the Missouri Wage and Hour laws.

72. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count III of this Petition, Plaintiff and the members of the Class demand judgment against Defendants and pray for: (1) certification of this case as a class action; (2) compensatory damages; (3) liquidated damages; (4) attorney's fees and costs as allowed; (5) pre-judgment and post-judgment interest as provided by law; and (6) such other relief as the Court deems fair and equitable.

## COUNT IV
## INJUNCTIVE RELIEF

73. Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein.

74. Plaintiff and those similarly situated seek injunctive for all counts stated herein.

Electronically Filed - City of St. Louis - November 27, 2013 - 04:22 PM

75. Defendants' practice and policy of not paying Plaintiff and the Class at a premium rate for all hours worked in excess of forty (40) per workweek is in violation of the MMWL, specifically MO. REV. STAT. § 290.505.

76. Defendants' policy and practice of not paying Plaintiff and those employees similarly situated constitutes a breach of Defendants' contractual obligations to Plaintiff and those similarly situated.

77. Upon information and belief, Defendants still employ their common plan and policy to compensate their employees in a manner violative of the MMWL and Defendants' obligations under Missouri common law.

78. Defendants' employees face ongoing harm as a result of Defendants' illegal pay practices.

79. Specifically, Defendants' current employees are being currently and continually harmed by not being compensated in a lawful manner because Defendants refuse to compensate their employees in a manner consistent with the MMWL or pursuant to Defendants' obligations under Missouri common law.

80. Plaintiff and members of the Classes seek a declaration of Defendants' legal rights and responsibilities with respect to its illegal pay practices so that Defendants' current employees will no longer suffer the immediate and ongoing harm of not being compensated in accordance with Missouri law and Defendants' obligations under Missouri common law.

81. Specifically, Plaintiff and members of the Classes seek review of Defendants' pay practices and a determination from the Court that Defendants' pay practices, with respect to current and future employees of Defendants, is in contravention of established Missouri law and Defendants' obligations to the Classes in accordance with Missouri common law.

82. Defendants' current employees, who are members of the Classes, face constant, ongoing, and irreparable harm without adequate remedy at law should Defendants be permitted to continue to act in a manner inconsistent with the MMWL and Missouri common law.

83. If the members of the Classes who are currently employed by Defendants are not awarded a temporary restraining order, they will suffer irreparable harm in not being compensated for overtime hours at a rate consistent with Missouri law.

84. By reason of the foregoing, a preliminary and permanent injunction, and Declaratory Judgment are both necessary and proper in order to determine the rights, obligations, and liabilities that exist among the parties.

85. Further, Defendants should be permanently enjoined from engaging in its policy and practice of violating Missouri Wage and Hour laws with respect to the Class and ignoring its Missouri common law obligations related to payment of the Class.

WHEREFORE, on Count IV of this Petition, Plaintiff and the Class pray that this Court conduct its own hearing to review the issues and determine the facts herein favorably to the Class. Plaintiff seeks a preliminary injunction and permanent injunctive relief, restraining Defendants from illegally compensating its employees as stated above. The Class requests their reasonable attorneys' fees and costs and for such other and further relief as this Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands a jury to hear and decide all issues triable by jury trial.

Electronically Filed - City of St. Louis - November 27, 2013 - 04:22 PM

Respectfully Submitted,

By:     */s/ Kevin J. Dolley*
Kevin J. Dolley, #54132
LAW OFFICES OF KEVIN J. DOLLEY, LLC
34 N. Brentwood Blvd., Suite 207
St. Louis MO 63105
(314)645-4100 (office)
(314)647-4300 (fax)
kevin@dolleylaw.com

*Attorney for Plaintiff and those similarly situated*