IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLENN WILLIAMS, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. |
| CENTRAL TRANSPORT INTERNATIONAL, INC., ) ) ) ) | **JURY TRIAL DEMANDED ON ALL CLAIMS TRIABLE BY JURY** |
| Serve at: Registered Agent National Corporate Research, Ltd. 712 Abbott Road East Lansing, MI 48823 ) ) ) ) ) ) ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff Glenn Williams (hereinafter "Plaintiff" or "Williams"), by and through undersigned counsel, on behalf of himself and all others similarly situated, and for his Complaint directed against Defendant Central Transport International, Inc., (hereinafter "Defendant"), for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, states as follows:

### PRELIMINARY STATEMENT

This is a collective action filed pursuant to 29 U.S.C. § 216(b) to recover compensatory and liquidated damages, attorney fees, and other relief from Defendant for violations of the Fair Labor Standards Act ("FLSA") based upon failure to pay overtime compensation for all compensable hours worked by Plaintiff and a group of other similarly situated employees.

1

EXHIBIT B

## PARTIES

1. Plaintiff Glenn Williams is an adult citizen who currently resides in St. Louis, Missouri. During all times relevant herein, Plaintiff was a resident of St. Louis, Missouri.

2. Defendant Central Transport International, Inc. is a Michigan corporation with similar hub locations nationwide. Its business is to provide transportation and logistics services to 98 percent of the major manufacturing areas in North America.

3. Plaintiff worked for Defendant at its St. Louis, Missouri location.

4. Defendant employed Plaintiff, and those similarly situated, and was responsible for setting pay and overtime rates.

5. At all times material to this action, Defendant is the "employer" of Plaintiff and those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203(d). Plaintiff and those similarly situated are current or former "employees" of Defendant as defined by the FLSA, and worked for Central Transport within the United States.

6. At all times material to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.

7. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise engaged in interstate commerce.

8. Plaintiff and those similarly situated are or were non-exempt employees within the meaning of the FLSA.

## JURISDICTION AND VENUE

11. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12. Venue in this district is proper under 28 U.S.C. 1391(b), because a significant number of putative class members reside in this district, the named Plaintiff resides in this district, and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

## FACTUAL ALLEGATIONS

13. Plaintiff Williams began employment with Defendant at its St. Louis, Missouri location in October 2012. He worked as a spotter. He performed dock work and moved trailers around Defendant's yard to prepare them for drivers to haul. He has signed a consent form to opt-in to this collective action lawsuit. A redacted version of the signed consent form is attached as Exhibit A.

14. Plaintiff was paid as an hourly employee throughout his employment with Defendant.

15. During Plaintiff's employment with Defendant, his job duties included, but were not limited to:

   a. Loading and unloading trailers parked at the loading dock;

   b. Moving palates of various types of goods around the loading dock using a forklift;

   c. Moving empty trailers from the unloading side of the dock to the loading side of the dock using a spotter truck not registered for use on public highways;

    d. Moving loaded trailers within Defendant's fenced yard using the spotter truck used to move trailers around the loading dock;

16. The spotter truck was only used within the fenced and gated confines of Defendant's yard and not on public roadways.

17. Defendant established common policies and procedures related to employee pay, timekeeping, and wage and hour policies.

18. Williams and all those similarly situated were subject to Defendant's uniform overtime policy, under which employees such as Plaintiff were paid overtime at a rate of one-and-one-half the regular rate for hours worked in excess of fifty-five (55) hours or more during a single workweek. Receipt of overtime pay at a premium rate did not start after working more than 40 hours in a workweek.

19. Further, when Plaintiff and those similarly situated were performing dock work, their time was recorded electronically through handheld scanners.

20. Plaintiff and those similarly situated would initially log into the scanner and would "punch in" and begin the recording of their time for the day when the first palate or item was scanned.

21. Once punched in via the scanner, Plaintiff and those similarly situated would be automatically logged out of the timekeeping system after fifteen (15) minutes if another item or palate had not been scanned.

22. During their work shifts, Plaintiff and those similarly situated work in excess of fifteen (15) minutes without scanning another item or palate while carrying out their principle work activities and job duties. Plaintiff and those similarly situated would be logged out of Defendant's timekeeping system without any warning, causing time worked to not be recorded.

23. As a result of its timekeeping policies and practices, Defendant failed to properly record all hours worked by Plaintiff and those similarly situated.

24. Employees who were subject to the above pay practices performed the same or similar job duties and include employees with job title such as dock worker or spotter.

25. Plaintiff brings Count I as an opt-in action pursuant to 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the court. Plaintiff brings this action on behalf of himself and those similarly situated and seeks to certify this matter as a collective action.

26. Plaintiff seeks relief on a collective basis challenging Defendant's common wage and hour practices stated above.

27. This is an appropriate collective or representative action under 29 U.S.C. § 216(b). Plaintiff and a group of similarly situated workers were subject to Defendant's common plans and practices stated above.

## COUNT I
## FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA

28. Plaintiff incorporates by reference the above-stated paragraphs as if set forth fully herein.

29. The FLSA requires employers to pay non-exempt employees one and one-half times the regular rate of pay at which they are employed for all hours worked over forty (40) hours per work week. 29 U.S.C. § 207.

30. Plaintiff and those similarly situated are entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 216(b).

31. Defendant's actions, policies, and/or practices were in violation of the FLSA's overtime requirements as described in this Complaint.

32. Plaintiff and those similarly situated are entitled to an award of liquidated damages. Defendant will not be able to meet its high burden of proving that it acted in good faith and with objectively reasonable grounds for believing that its conduct was not in violation of the FLSA.

33. Defendant's violations of the FLSA as stated herein are willful violations resulting in a three year statute of limitations, meaning that Defendant knew or showed reckless disregard for whether its conduct violated the FLSA specific to Plaintiff and those similarly situated.

34. Defendants are liable under the FLSA for unpaid overtime, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, court costs and litigation costs.

WHEREFORE, Plaintiff respectfully prays that the Court direct that notice of this action be provided to all similarly situated persons as a collective action under the FLSA; that Plaintiff and others similarly situated recover unpaid overtime wages, liquidated damages, attorney's fees, court costs, litigation expenses, and other relief by reason of Defendant's violations of the FLSA; and for such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and those similarly situated hereby demand a jury trial on all claims triable by right to jury.

Respectfully Submitted,

By:     */s/ Kevin J. Dolley*
Kevin J. Dolley, #54132MO
LAW OFFICES OF KEVIN J. DOLLEY, LLC
34 N. Brentwood Blvd., Suite 207
St. Louis MO 63105
(314)645-4100 (office)
(314)647-4300 (fax)
kevin@dolleylaw.com

*Attorney for Plaintiff and those similarly situated*