UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLENN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-1003 (CEJ) |
| ) | |
| CENTRAL TRANSPORT INT'L, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to remand this action to the Twenty-Second Judicial Circuit (City of St. Louis) from which it was removed. Defendant Central Transport International, Inc. (Central Transport) has filed a response in opposition and all issues are fully briefed.

**I.    Background**

From October 2012 until September 2013, plaintiff Glenn Williams worked as a "spotter" at Central Transport's St. Louis hub, where Bill Kincaid was the "terminal manager." Plaintiff alleges that Central Transport and Kincaid, acting as "joint employers," failed to properly compensate him and similarly-situated others for overtime work and did not accurately record overtime hours. Plaintiff has filed two law suits based on these allegations: On October 9, 2013, he filed a collective action against Central Transport in this court, asserting claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.* Williams v. Central Transport, 4:13CV2009 (CEJ). On November 27, 2013, he filed the instant class action against Central Transport and Kincaid in state court, asserting violation of the Missouri Minimum Wage Law (MMWL), Mo.Rev.Stat. §§ 290.500-290.530, and claims of breach of contract and

unjust enrichment. On May 19, 2014, the state court granted defendants' motion to dismiss plaintiff's claims against defendant Kincaid for failure to plead facts that could establish that he was an employer for the purposes of plaintiff's claims. Def. Ex. C, Mem. and Order at 11 [Doc. #17-3]. On May 27, 2014, plaintiff filed a motion for leave to amend to state facts sufficient to establish Kincaid's status as an employer. On May 29, 2014, Central Transport removed the action to this court, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff moves to remand, arguing that removal was improper under the "voluntary-involuntary rule" and that the removal was untimely.

II. <u>Discussion</u>

A removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. <u>Altimore v. Mount Mercy College</u>, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." <u>In re Prempro Products Liability Litigation</u>, 591 F.3d at 620 (citing <u>Wilkinson v. Shackelford</u>, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if at any time it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

Title 28 U.S.C. § 1441(b)(2) permits a defendant to remove a civil action from state court to federal court on the basis of diversity jurisdiction only if none of the properly joined defendants are citizens of the state in which the action was filed. Defendant Central Transport removed the matter as soon as Kincaid, a citizen of Missouri, was dismissed from the case. However, under the "voluntary-involuntary" rule, a case may nonetheless be non-removable depending on whether the diversity-destroying defendant was eliminated from the state action by voluntary or involuntary

dismissal. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1166 (4th Cir. 1998). The Supreme Court developed the voluntary-involuntary rule for evaluating removability in Powers v. Chesapeake & Ohio Ry., 169 U.S. 92, 99–101 (1898). The rule requires that a case remain in state court unless a "voluntary" act by the plaintiff brings about a change in circumstances that makes the suit removable. Power v. Norfolk & W. Ry. Co., 778 F. Supp. 468, 469 (E.D. Mo. 1991) (citing Whitcomb v. Smithson, 175 U.S. 635 (1900)).

> [T]he voluntary-involuntary rule . . . establishes a bright line test for evaluating removability. If the dismissal of a defendant in state court creates complete diversity between all parties so that the case may be removed to federal court, the propriety of removal is determined according to whether the dismissal was voluntary or involuntary with respect to the plaintiff. In other words, if the plaintiff voluntarily dismisses the non-diverse defendant, the case may be removed. Removal is improper, however, if the dismissal of that resident defendant was involuntary.

*In re* Iowa Mfg. Co. of Cedar Rapids, Iowa, 747 F.2d 462, 463 (8th Cir. 1984). Defendant concedes that the dismissal of Kincaid by the state court was "involuntary" for the purposes of this rule.

Fraudulent joinder of a nondiverse defendant for the purposes of defeating federal jurisdiction is "a well established exception to the voluntary-involuntary rule." Riverdale Baptist Church v. Certainteed Corp., 349 F. Supp. 2d 943, 946 (D. Md. 2004) (citing Mayes v. Rapoport, 198 F.3d 457, 461 n. 9 (4th Cir. 1999) and Insinga v. LaBella, 845 F.2d 249, 254 (11th Cir. 1988)). Joinder is fraudulent if "it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (quoting Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977). "However, if there is a "colorable" cause of action -- that is, if the state law

might impose liability on the resident defendant under the facts alleged -- then there is no fraudulent joinder. Id. (citing Foslip Pharmaceuticals, Inc. v. Metabolife Intern., Inc., 92 F. Supp. 2d 891, 903 (N.D. Iowa 2000)). Joinder is fraudulent "when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002).

Defendant Central Transport argues that Kincaid was fraudulently joined, noting that the state court found that plaintiff "failed to plead even a single specific factual allegation that might reasonably suggest that Mr. Kincaid was an 'employer' for purposes of any of Plaintiff's claims." Deft. Mem. in Opp, Ex. C, p. 10 (ECF # 17-3). Ultimately, however, this court does not need to determine the propriety of Kincaid's joinder, because Central Transport's removal was untimely.

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal "within 30 days after the receipt . . . of the initial pleading setting forth the claim for relief." In the fraudulent joinder context, a defendant must remove within 30 days of "the time [it] can first ascertain that a party has been fraudulently joined." Day v. Liberty Mut. Fire Ins. Co., No. 1:13CV16, 2013 WL 1890725 at *5 (N.D.W. Va. May 6, 2013 (quoting Delaney v. Viking Freight, Inc., 41 F. Supp. 2d 672, 674 n.2 (E.D. Tex. 1999); see also Riverdale Baptist Church, 349 F. Supp. 2d at 952 (removal based on fraudulent joinder untimely); Simpson v. Union Pac. R. Co., 282 F. Supp. 2d 1151, 1157 (N.D. Cal. 2003) (removal untimely where defendants could have determined fraudulent joinder from complaint). The dispositive issue is when the defendant was first able to ascertain that the case was removable, "not when the state court first put its stamp on the matter." Riverdale Baptist Church, 349 F. Supp. 2d at 953-54. Defendants could have ascertained fraudulent joinder from the face of plaintiff's

complaint. Indeed, they successfully argued for the dismissal of the claims against Kincaid, asserting the same arguments they now put forth to establish that his joinder in this matter was fraudulent. "Permitting such 'fraudulent joinder by hindsight' removal petitions would serve both to undermine 28 U.S.C. § 1446(b)'s thirty-day limit and . . . render meaningless the long-held distinction between voluntary and involuntary dismissals of non-diverse parties in creating removability." Deming v. Nationwide Mut. Ins. Co., No. Civ. A. 3:03CV1225, 2004 WL 332741 at *5 (D. Conn. Feb. 14, 2004).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #10] is granted.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Twenty-Second Judicial Circuit (City of St. Louis) from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2014.